### WALTER CANFIELD v. SOUTHERN FILM EXCHANGE.

EXPERT EVIDENCE INVOLVING ISSUE ON TRIAL HELD INCOMPETENT.

Expert opinion evidence as to the origin of a fire by which certain films were destroyed is inadmissible in an action by a film exchange to recover for the films destroyed, since it involves the issue on trial, whether the destruction resulted from defendant's negligence or not.

ERROR to common pleas court.

Plaintiff below sued on two causes of action, one for $47.59 on an account and the other for $93.90 for picture films which were destroyed by fire. The verdict below was for the full amount claimed with interest.

*Snyder & Dickerson,* for plaintiff in error
*Wm. J. Rielly,* for defendant in error.

### GIFFEN, P. J.

There was no error in overruling the motion of the defendant, the Auditorium Theater Company, to instruct the jury to return a verdict in its favor, as liability upon the first cause of action is now admitted, whereas the motion was addressed to both causes of action. The following question and answer appear at page 26 of the bill of exceptions:

"Q. Now you have examined that magazine. Will you please state to the jury as an expert in your experience in operating machines how that fire occurred?

"(Objected to by counsel for defendant. Objection overruled and counsel for defendant excepted.)

"A. There is only one thing that can cause a fire, and that is by allowing the light from his lamp house to rest upon the film. If he allows the light to rest on the film eight or ten seconds it will burn."

And again at page 47:

"Q. From your experience as an operator and your examination of the condition of that box, what in your opinion was the origin of the fire?

"(Objected to by counsel for defendant. Objection overruled and counsel for defendant excepted.)

"A. The cause of the fire would be in not sliding his lamp house over in front of the machine. That would be the cause of the fire, and the cause of the real burning up would be from leaving this door open."

These questions and answers involved the very issue to be determined by the jury, whether the destruction of the film was the result of defendant's negligence, and were prejudiced because they constituted the only evidence upon which the jury could base a verdict for plaintiff under the second cause of action. The objection to the questions should have been sustained. *Runyan* v. *Price,* 15 Ohio St. 1 [86 Am. Dec. 459].

The testimony offered by the defendant, especially that of the operator in charge of the machine, tends strongly to prove that the machine hired was itself defective, and that such defect was the direct cause of the fire.

Unless the defendant in error will consent to a remittitur of all the amount recovered except the account stated in the first cause of action with interest, the judgment will be reversed because not sustained by sufficient evidence, also for error in admitting above testimony, and the cause remanded for a new trial.

**Smith** and **Swing, JJ.,** concur.